OPINION. Murdock, Judge: The parties filed an eight-page stipulation of facts and ten attached exhibits. The stipulation provides that the facts therein “shall be taken as true, provided, however, that this stipulation does not waive the right of either party to introduce other evidence not at variance with the facts herein stipulated * * The only witness to testify was Velma Karkosiak Hudoc. She had been secretary to Williams from 1917 until his death on January 13, 1936, and thereafter became secretary of the petitioner. She gave some testimony for the petitioner which must be disregarded in so far as it may be at variance with facts stipulated. Furthermore, although she testified from memory to many details, she pointed out that the events had taken place many years ago and her recollection of them was not perfect, as was amply demonstrated. Thus, where her testimony bears upon facts shown by the stipulation, the latter appear to be far more reliable. Her testimony on some matters not covered by the stipulation is too uncertain to justify findings based thereon. The petitioner contends that the properties which it sold in 1945 had cost LaFayette $163,965, that cost was LaFayette’s adjusted basis for gain or loss on the properties and the petitioner is entitled to use that same basis in computing the gain or loss from its sale of the properties in 1945. Section 113 (a) of the Internal Revenue Code, applicable to the year 1945, provides that the basis of property for the purpose of determining gain or loss in a case like this shall be the cost of the property to the taxpayer, with certain exceptions. One of the exceptions is in section 118 (a) (7) which provides that if property was acquired by a corporation, at the time this property was acquired by the petitioner, “in connection with a reorganization, and immediately after the transfer an interest or control in such property of 50 per centum or more remained in the same persons or any of them * * * then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made.” The petitioner, relying upon that exception, refers to the Revenue Acts of 1932 and 1934 as the law applicable to the year in which the transfer was made. The provisions of those laws to which it refers are identical and reference herein is to the Revenue Act of 1932. The tax sale deprived LaFayette of all of its properties without any compensation whatsoever and' a pertinent inquiry is whether that loss was recognized “under the law applicable to the year” in which the loss occurred. If the loss was recognized it would wipe out LaFayette’s basis on the properties and there would be nothing to carry over to the petitioner. The general rule of section 112(a) of the Revenue Act of 1932 is that the entire amount of gain or loss sustained upon the sale of property shall be recognized. There are exceptions to that rule in subsection (b), but none of them applies to the facts in this case. The petitioner, in order to make out its case that it is entitled to use LaFayette’s basis, necessarily contends that LaFayette made the transfer or exchange and received the stock of the petitioner. The petitioner never issued any of its stock to LaFayette, and that alone would render the exceptions in (b)(4) and (5) inapplicable. LaFayette did not, as a party to a reorganization, exchange the property here in question pursuant to any plan of reorganization solely for stock ur securities of the petitioner, another party to the reorganization. Subsection 112(b)(5) does not apply since it relates to property transferred to a corporation by one or more “persons” solely in exchange for stock or securities in such corporation and immediately after the exchange such person or persons are in control of the corporation and the amount of stock received by each is substantially in proportion to his interest in the property prior to the exchange. Other exceptions in subsection (b) need no discussion. The conclusion is inescapable that none of the nonrecognition provisions applies and whatever loss LaFayette had from the sale of its property for taxes was recognized and none of its basis would be left for the petitioner. Cf. Adwood Corporation, 15 T. C. 148, affd. 200 F. 2d 552; Helvering v. Nebraska Bridge Supply & Lumber Co., 312 U. S. 666, following Helvering v. Hammel, 311 U. S. 504; McCarty, et al., Executors v. Cripe, 201 F. 2d 679. The evidence shows that LaFayette lost its properties completely through the tax sale and thereafter neither LaFayette nor its stockholders had any interest in the coal properties which could be exchanged or transferred. The petitioner did not acquire the coal properties either from LaFayette or the stockholders of LaFayette by exchange or transfer within the meaning of section 112(b) of the Revenue Act of 1932 but, on the contrary, purchased its properties from Moore. Its basis for those properties is their cost to the petitioner. The Commissioner has determined that amount and the petitioner does not question that it is the correct cost of the properties to it. The record does not show whether or not the petitioner paid LaFayette anything for the doubtful advantage of having LaFayette join in the deeds, but the inclusion of any such amount in cost is not in issue. The Commissioner contends that there are several other fatal defects in the argument of the petitioner that it is entitled to use LaFa-yette’s basis, and that that basis has not been shown, but it is not necessary to consider those arguments since it is clear from what has been said above that there is no merit in the petitioner’s contention and the Commissioner’s determination must stand. Decision will be entered for the respondent.